UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CITY OF KENNETT, MISSOURI<br>BOARD OF PUBLIC WORKS,<br><br>Plaintiff,<br><br>v.<br><br>WARTSILA NORTH AMERICA, INC.<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) No. 4:05CV114 HEA<br>)<br>)<br>)<br>) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before this Court on Defendant's Motion for a Judgment Pursuant to Rule 12(c) fo the Federal Rules of Procedure, [#15]. Plaintiff has responded to the motion. For the reasons set forth below, Defendant's motion is denied.

**Facts and Background**

In October, 2000, Plaintiff, the City of Kennett, Missouri and its Board of Public Works (the "City") contracted with Defendant Wartsila North America, Inc. ("Wartsila") to engineer, procure and construct a power plant (the"Plant") and provide specified services pursuant to the contract between the parties. Under the contract, the Plant was to be ready for commercial operation no later than June 26, 2001. Plaintiff filed its Petition in the Circuit Court of Dunklin County, Missouri, and alleged that as late as June 23, 2005, the Plant was not ready for commercial operation and Defendants

had still not performed under the Contract.

On July 20, 2005, Defendants removed this cause to federal court, and in August, Plaintiff filed its Amended Complaint. Plaintiff's Amended Complaint alleges breach of contract (Counts I, II, & Count III (in the alternate)), negligence (Count IV), breach of fiduciary duty (Count V), negligent misrepresentation (Count VI), negligent omission (Count VII), fraudulent misrepresentation (Count VIII), and fraudulent omission (Count IX). Defendant now seeks a judgment on the pleadings with respect to Counts IV, V, VI, and VII of Plaintiff's Amended Complaint pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

## Standard of Review

Rule 12(c) allows a party to move for judgment on the pleadings after the pleadings are closed but within such time as not to delay the trial. FED. R. CIV. P. 12(c). The Court applies the same standard in a 12(c) motion as that applied in a 12(b)(6) motion to dismiss. *Westcott v. Omaha,* 901 F.2d 1486, 1488 (8th Cir. 1990) (citing *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 11 (6th Cir. 1987)). That is, the Court grants the motion "'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Handeen v.. Lemaire,* 112 F.3d 1339, 1347 (8th Cir. 1997) (quoting *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984)). The Court assumes "that well-pleaded factual allegations in

the complaint are true 'and construe[s] the complaint, and all reasonable inferences arising therefrom, most favorably to the pleader.'" *Westcott,* 901 F.2d at 1488 (quoting *Morton v. Becker,* 793 F.2d 185, 187 (8th Cir. 1986)). In so doing, however, the Court does not "blindly accept the legal conclusions drawn by the pleader from the facts." *Id.* The Court may grant judgment on the pleadings only if it appears beyond a doubt that the non-moving party can prove no set of facts entitling it to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *St. Paul Ramsey County Med. Ctr. v. Pennington County, S.D.,* 857 F.2d 1185, 1188 (8th Cir. 1988).

## Discussion

**Counts IV, VI & VII**

Defendant first seeks judgment in its favor as to Count IV of Plaintiff's Amended Complaint in which Plaintiff seeks to recover against Defendant for Defendant's alleged negligence. Defendant also seeks a judgment limiting Counts VI and VII in which Plaintiff seeks to recover for negligent misrepresentation and negligent omission respectively. Defendant argues that Plaintiff is precluded by Missouri's economic loss rule from recovering damages in negligence, negligent misrepresentation, and negligent omission where the claims arise out of a contractual relationship between the parties. Defendant claims there is no basis in law to support Count IV, and under Rule 12(c),

Defendant is entitled to judgment in its favor. For the same reasons, Defendant claims it is entitled to a judgment limiting Counts VI and VII which relate to the representations and/or omissions made by Defendant prior to October 18, 2000.

Generally, Missouri's economic loss doctrine precludes tort liability in those cases in which the plaintiff seeks recovery solely for economic losses. *Rockport Pharmacy, Inc., v. Digital Simplistics, Inc.,* 53 F.3d 195, 197 (8th Cir. 1995). Under Missouri law, in any negligence action, the plaintiff must first establish that a duty of care is owed to the plaintiff by the defendant to protect the plaintiff from the alleged injury suffered. *Rockport,* 53 F.3d at 198 (*citing Burns v. Black & Veatch Architects, Inc.,* 854 S.W.2d 450, 452-53 (Mo. App. 1994)). The plaintiff must then establish that the defendant failed to perform the duty and *that* failure was the proximate cause of plaintiff's injury. *Burns,* 854 S.W.2d at 453 (*citing Krause v. U.S. Truck Co.,* 787 S.W.2d 708, 710 (Mo. banc. 1990)). The economic loss doctrine, however, does not apply and preclude tort liability in an action based on the negligent rendition of services by a professional. *Rockport,* 53 F.3d at 199 (*citing Business Men's Assurance Co. of America v. Graham,* 891 S.W2d 438, 454; *Bryant v. Murray-Jones-Murray, Inc.,* 653 F.Supp. 1015 (E.D. Mo. 1985)). An exception is applied to negligence claims involving defendants who have been held to a professional, rather than an ordinary, standard of care and who have provided professional services to the plaintiff. *Id.*

In this case, Plaintiff, the City, alleges that Defendant, Wartsila, violated its standard of care in Count IV of the Amended Complaint. Plaintiff retained Defendant for its professional expertise to engineer, design and construct the power Plant. When a person possesses knowledge or skill superior to that of an ordinary person, the law requires of that person to conduct consistent with such knowledge or skill. *Business Men's Assurance Co.,* 891 S.W.2d at 453. A professional person owes a client a duty of care commensurate with "the degree of care, skill and proficiency commonly exercised by ordinarily skillful, careful and prudent professionals." *Id.* (*citing Murphy v. A.A. Mathews,* 841 S.W.2d 671, 674 (Mo. banc 1992)). Defendant, an engineering firm, owed Plaintiff a duty to properly engineer, design and construct the Plant, and use that degree of care that an ordinarily careful and prudent expert in the engineering field would have used in the same or similar circumstances. Therefore, Defendant's argument that the economic loss doctrine acts to preclude Plaintiff's claim of negligence is not well taken. Defendant's motion as to Count IV will be denied.

Likewise, Defendant's argument that Counts VI and VII should be limited pursuant to the principles of the economic loss doctrine is erroneous. In Missouri, a mere breach of contract does not provide a basis for tort liability, but the negligent act or omission which breaches the contract may serve as the basis for an action sounding in tort. *Id.* (*citing American Mortg. Inv. Co. v. Hardin-Stockton,* 6712d 283, 293 (Mo.

App. 1984)). If the duty arises solely from the contract, the action is contractual. *Id.* The action may be in tort, however, if the party sues for breach of a duty recognized by the law as arising from the relationship or status the parties have created, and enjoyed, by their agreement. *Id.*

Here, Plaintiff's claim of negligent misrepresentation in Count VI and of negligent omission in Count VII constitute the negligent acts and omissions which operated to allegedly breach the contract between the parties and, therefore, may serve as the basis for an action in tort. As such, Defendant's motion as to Counts VI and VII will be denied.

**Count V - Breach of Fiduciary Duty**

Defendant also contends that Count V of Plaintiff's First Amended Complaint, wherein Plaintiff alleges Defendant breached its fiduciary duty, should be dismissed pursuant to Rule 12(c). Defendant argues that Plaintiff has failed to allege the elements necessary for the establishment of a breach of fiduciary duty and, thus, has failed to state a claim upon which relief can be granted.

While Defendant accurately sets forth the elements necessary for breach of fiduciary duty under Missouri law, the argument that Plaintiff has not shown how it has satisfied such elements is premature. Plaintiff is not required to make such a showing

at this stage.

Plaintiff has sufficiently alleged facts in support of its breach of fiduciary duty claim, including the allegation that Defendant "Wartsila knew that the City would be relying on, and placing trust in, that superior knowledge and expertise in making various decisions, including paying for and preliminarily accepting the Plant and not revoking its acceptance at an earlier time." The Federal Rules of Civil Procedure provide that a complaint need only include "a short plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). For the purposes of this motion, the Court accepts Plaintiff's allegations as true, *Conley v. Gibson*, 355 U.S. at 45-46, and Defendant's motion for a judgment in its favor as to Count V will be denied.

## Conclusion

For the reasons set forth above, Defendant's motion for judgment on the pleadings as to Counts IV, V, VI, and VII, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for a Judgment Pursuant to Rule 12(c) of the Federal Rules of Procedure, [#15], is denied.

Dated this 2nd day of December, 2005.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE